IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

Ryan Scot Frankforter,

Defendant/Movant.

Cause No. CR 15-11-H-BMM

ORDER

Federal pro se prisoner Ryan Scot Frankforter ("Frankforter") filed a motion seeking to vacate and "strike" his sentence from the record. (Doc. 392.) The Court presumes he wishes to proceed pursuant to 28 U.S.C. § 2255. Frankforter generally alleges that this Court lacked jurisdiction over him in the underlying criminal matter. (*Id*. at 1-3.) Frankforter believes, due to the purported lack of jurisdiction, that his conviction should be vacated, that an order of dismissal be reflected in all databases, and that he should receive just compensation. (*Id*. at 3-4.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The matter will be dismissed, because this Court lacks jurisdiction.

Frankforter was originally charged with conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See USA v. Jayne et al.*, CR-15-11-H-CCL, Indictment (Doc. 1.) Judge Lovell sentenced Frankforter to the Bureau of Prisons for a term of 30 months, to be followed by 3 years of supervised release in June of 2016. *See* Judg. (Doc. 198) Frankforter's supervised release was revoked several times.

Frankforter was ordered to serve a term of imprisonment of 24 months with no supervised release to follow, after a final revocation hearing in November of 2020. *See* Judg. on Rev. (Doc. 364.) The Bureau of Prisons website indicates that Frankforter was no longer in their custody as of March 8, 2022. *See* Inmate Locator: https://www.bop.gov/inmateloc/ (accessed October 23, 2026). Frankforter was indicted on new federal drug charges in June of 2026. *See United States v. Frankforter*, Cause No. CR-26-25-BU-WWM. That matter is currently pending.

Frankforter may not, to the extent that he may attempt to, vacate or modify his sentence in this closed matter. Frankforter's federal sentence expired over four years ago, setting aside any limitations period and/or procedural issues. The federal habeas statues give district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the

conviction when the petition is filed. *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

A habeas petitioner is no longer "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction if the sentence imposed by the judgment has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492; *De Long v. Hennessey*, 912 F. 2d 1144, 1146 (9th Cir. 1990). Frankforter is not "in custody" under his federal conviction because the sentence imposed fully expired in March of 2022. This Court lacks jurisdiction to consider Frankforter's claims. This matter must be dismissed. The Court notes Frankforter is represented by CJA counsel Hanna Willstein in his active criminal matter. It is in Frankforter's best interest to consult with counsel prior to filing any subsequent federal *pro se* motions.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Frankforter has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253( c)(2). There is no doubt this Court lacks jurisdiction.

Accordingly, a certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Frankforter's motion to vacate (Doc. 392) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. The Clerk of Court is directed to provide a copy of this Order to Hannah Willstein, Frankforter's counsel of record in *United States v. Frankforter*, Cause No. CR-26-25-BU-WWM.

4. A certificate of appealability is DENIED.

DATED this 23rd day of October, 2026.

Brian Morris, Chief District Judge
United States District Court